IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Jay Schuler and Thomas Schuler, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER ON** |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| SunOpta Food Group LLC, a Delaware | ) | |
| limited liability company, f/k/a SunOpta | ) | Civil No. 3:07-cv-101 |
| Food Group, Inc., a Minnesota corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion to Dismiss filed by Defendant SunOpta Food Group LLC ("SunOpta") (Doc. #4).  Plaintiffs Jay Schuler and Thomas Schuler ("the Schulers") have filed a brief in opposition (Doc. #7).

## SUMMARY OF DECISION

The Court concludes that venue is proper in this district under the removal provisions of 28 U.S.C. § 1441, and therefore SunOpta's motion to dismiss for improper venue is DENIED.  The Court further concludes that a transfer to the District of Minnesota is not warranted under 28 U.S.C. § 1404(a), so SunOpta's motion to transfer is also DENIED.

## FACTUAL BACKGROUND

The instant action arises out of a Stock Purchase Agreement ("Agreement") executed by the parties on November 1, 2003.  Under the terms of that Agreement, SunOpta purchased all of the Schulers' stock in Sonne Labs, Inc., a sunflower seed processing and packaging company which operated under the name "Dakota Gourmet."  As part of the purchase price, the Schulers were to

1

receive annual earn-out payments from 2004 to 2007, equal to 25 percent of Sonne's gross profits in excess of $1 million per year, but not to exceed $750,000 in the aggregate.

On October 29, 2007, the Schulers commenced this civil action against SunOpta in state district court in Richland County, North Dakota. On November 15, 2007, SunOpta removed the action to this Court on the basis of diversity jurisdiction. Plaintiff Thomas Schuler is a citizen of the State of North Dakota. Plaintiff Jay Schuler is a citizen of the State of Minnesota. Defendant SunOpta, a limited liability company, is a citizen of Delaware and Canada for purposes of diversity jurisdiction. The Schulers' Complaint alleges an amount in controversy well in excess of $75,000. On the basis of these facts, the Court concludes it has diversity jurisdiction over the action.

In their Complaint, the Schulers allege a cause of action for breach of contract against SunOpta. The Schulers contend that SunOpta breached the Stock Purchase Agreement by changing its accounting practices, failing to act in good faith to maximize the annual earn-out payments, and failing to make the payment due when Sonne Labs was merged into one or more other entities. The Schulers demand a full accounting of the gross sales of Sonne, along with a judgment for $750,000 reduced by any amounts previously paid, or in the alternative, a judgment equal to the amounts required to be paid for 2004 to 2007 under the Stock Purchase Agreement.

## DISCUSSION

SunOpta now moves to dismiss this action for improper venue under Rule 12(b)(3), Fed. R. Civ. P. In the alternative, SunOpta contends this action should be transferred to the United States District Court for the District of Minnesota. The Schulers oppose dismissal or transfer, arguing that venue is proper and appropriate in this district.

### I.  Motion to Dismiss for Improper Venue

SunOpta argues that venue in the District of North Dakota is improper under 28 U.S.C. §

1391, the general venue statute for civil actions.  SunOpta contends that 28 U.S.C. § 1391 applies

because the parties are in federal court on the basis of diversity jurisdiction.  On the other hand, the

Schulers argue that when an action has been removed from state court, venue is governed solely by

28 U.S.C. § 1441, and venue is proper in North Dakota under that statute.

Section 1391 sets forth a limited set of circumstances in which venue may be properly

established in a particular district.  Specifically, as to those civil actions founded upon diversity

jurisdiction, venue is proper only in the following places:

> (1) [A] judicial district where any defendant resides, if all defendants reside in the
> same State, (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of property that is
> the subject of the action is situated, or (3) a judicial district in which any defendant
> is subject to personal jurisdiction at the time the action is commenced, if there is no
> district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  While § 1391 sets forth venue provisions which apply generally to civil

actions, § 1441 provides certain requirements for those cases which have been removed from state

court to federal court.  As to venue, § 1441(a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought
> in a State court of which the district courts of the United States have original
> jurisdiction, may be removed by the defendant or the defendants, to the district court
> of the United States for the district and division embracing the place where such
> action is pending.

SunOpta contends that the interaction of these two provisions is an unsettled area of the law,

and that § 1391 may be construed to establish additional venue requirements for removed actions.

The Court disagrees.  Indeed, the United States Supreme Court has clearly stated that the general

venue provisions of 28 U.S.C. § 1391 have no application to a removed action.  See Polizzi v.

Cowles Magazines, Inc., 345 U.S. 663, 665 (1953).  Rather, the venue of a removed action is governed solely by 28 U.S.C. § 1441(a).  Id.; see also Global Satellite Comm. Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004) ("Section 1441(a), and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases."); Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531, 534 (6th Cir. 2002) ("Venue in removed cases is governed solely by § 1441(a).").  Because the general venue statute does not apply to a case which has been removed to federal court, "[i]t therefore is immaterial that the federal court to which the action is removed would not have been in a district of proper venue if the action had been brought there originally."  Charles Alan Wright, et al., Federal Practice and Procedure § 3726, at 119-20 (3d ed. 1998).

Based on the foregoing principles, the Court concludes that venue for the instant action properly lies in the District of North Dakota.  This action was originally pending in state district court in Richland County, North Dakota, and SunOpta then removed the action to this Court, which is the district and division embracing Richland County.  Therefore, under the plain language of § 1441(a), venue is proper in this Court.  Because § 1391 has no application to a removed action, it is irrelevant whether this district would have been a proper venue under the provisions of that section if the action had been originally commenced here.  SunOpta's motion to dismiss for improper venue is hereby DENIED.

## II.  Motion to Transfer to the District of Minnesota

In the alternative, SunOpta contends that even if venue is proper in this Court, the action should be transferred to the District of Minnesota under 28 U.S.C. § 1404(a).  SunOpta argues that the District of Minnesota, particularly the Minneapolis courthouse, is a more convenient forum for

the majority of the parties and witnesses, and that other factors relating to the interest of justice also weigh in favor of transfer.

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Under the plain language of the statute, courts must consider three general categories of factors:  (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice.  However, district courts are not limited to an evaluation of these three factors when comparing alternative venues.  Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 692 (8th Cir. 1997). Rather, "such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.  Other relevant factors include the following:  (1) accessibility to records and documents; (2) the location where the conduct complained of occurred; (3) the applicability of each forum state's substantive law; (4) judicial economy; (5) the plaintiff's choice of forum; (6) the comparative costs to the parties of litigating in each forum; and (7) the advantages of having a local court determine questions of local law.  See id. at 696.  Generally, "federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."  Id. at 695.

Here, SunOpta bears the burden of proving to the Court that this action should be transferred to the District of Minnesota.  After consideration of the relevant factors, the Court is not persuaded that a transfer is warranted.

### A.  Convenience of the Parties

In support of its motion to transfer, SunOpta stresses the fact that two of the parties are located in Minnesota.  Specifically, Plaintiff Jay Schuler resides in Breckenridge, Minnesota, and Defendant SunOpta has its principal place of business located in Hope, Minnesota.  SunOpta points out that it has no offices or direct business operations in North Dakota.  Only one of the parties, Plaintiff Thomas Schuler, resides in Wahpeton, North Dakota.

However, SunOpta's argument on this factor ignores the actual location of the parties in relation to the courthouses at issue.  Breckenridge is located directly across the Red River from Wahpeton, and both towns are located approximately 58 miles from Fargo, North Dakota.  In contrast, both Breckenridge and Wahpeton are located approximately 202 miles from Minneapolis, Minnesota, where SunOpta seeks to transfer this action.  Therefore, while Minneapolis is the more convenient location for SunOpta, Fargo is the more convenient location for both Jay and Thomas Schuler.

On balance, the Court concludes this factor does not weigh in favor of transferring the action to the District of Minnesota.  SunOpta is the only party for whom Minnesota is the more convenient location.  There is no indication in the record that the Schulers have substantially greater resources than SunOpta, such that travel to Minneapolis would present minimal hardship for them. Furthermore, the Court recognizes that as the Plaintiffs in this action, the Schulers' choice of forum is entitled to considerable deference.

### B.  Convenience of the Witnesses

SunOpta argues this factor weighs in favor of transfer to Minnesota, because many of the witnesses with knowledge of the relevant facts pertaining to the Stock Purchase Agreement and

calculation of the earn-out payments are located near Minneapolis, including SunOpta's president, controller, and vice president of finance.  The Schulers counter that SunOpta acquired a physical plant in Wahpeton, North Dakota, under the terms of the Stock Purchase Agreement, and that numerous anticipated witnesses are employed at that plant.  The Schulers further contend that other anticipated witnesses and relevant documents are located in the Wahpeton-Breckenridge area.

Upon consideration, the Court finds that this factor does not weigh in favor of either Minnesota or North Dakota.  Although some of the relevant witnesses and documents are likely to be located near Minneapolis, it is equally likely that some witnesses and documents are located near Fargo, specifically in the Wahpeton-Breckenridge area.  Because the conduct which gave rise the Schulers' Complaint occurred in both Minnesota and North Dakota, some witnesses will be inconvenienced no matter where the action proceeds.

## C.  Interest of Justice

As to the interest of justice factors, the Court finds that they generally weigh in favor of retaining this action in North Dakota.  Several of the factors weigh in favor of neither location, as relevant conduct occurred in both North Dakota and Minnesota, and the comparative costs of litigation will be greater for either one side or the other in both locations.  However, the choice of law factors weigh in favor of venue in North Dakota.  The Stock Purchase Agreement, which is at the heart of this dispute, provides that it shall be governed by and construed in accordance with North Dakota law.  Routh Declaration, Ex. 1, at 22.  Furthermore, although the Minnesota district court would certainly be capable of applying North Dakota law, it is advantageous to have a North Dakota court determining questions under North Dakota law.  Finally, the Court again notes that the Schulers' choice of forum in North Dakota is entitled to deference.

After evaluating all the relevant factors under 28 U.S.C. § 1404(a), the Court concludes they do not weigh in favor of transferring this action to the District of Minnesota.  Although some of the factors are neutral and favor neither location, several factors weigh in favor of retaining venue in the District of North Dakota.  Under these circumstances, the Court is convinced that the Schulers' choice of forum is entitled to deference.  SunOpta's motion to transfer this action to the District of Minnesota is DENIED.

## DECISION

For all the foregoing reasons, SunOpta's motion to dismiss for improper venue is **DENIED**, and SunOpta's motion to transfer to the District of Minnesota is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of September, 2008.

/s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court
